UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Daniel Haro**, | § § § § |
| Plaintiff, | § Case No. 1:18-cv-935 § |
| v. | § § § |
| **AMCOL Systems, Inc.**, | § Complaint and Demand for Jury Trial § |
| Defendant. | § § § |

## COMPLAINT

**Daniel Haro** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **AMCOL Systems** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in San Antonio, Texas 78250.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 111 Lancewood Road, Columbia, South Carolina 29210.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or before November of 2016 and continuing through in or around June of 2017, Defendant repeatedly called Plaintiff on his cellular telephone to collect on a medical debt.

13. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

15. In or around November of 2016, soon after the calls began, Plaintiff told Defendant he did not wish to be called.

16. Once Defendant was informed that its calls were unwanted, and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

17. Once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

18. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff through to June of 2017.

19. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

22. Defendant initiated repeated calls to Plaintiff's cellular telephone.

23. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent after Plaintiff revoked consent.

25. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

26. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

27. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

28. When Defendant called Plaintiff from around November of 2016 through around June of 2017, it knew no later than Plaintiff's instruction to stop calling in November of 2016 that it did not have prior express consent to call Plaintiff.

29. When Defendant called Plaintiff from around November of 2016 through around June of 2017, it knew it was placing calls to a cellular telephone.

30. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Daniel Haro**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

    b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

    c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

    d. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    e.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    f.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Daniel Haro**, demands a jury trial in this case.

Respectfully submitted,

Dated: 10/31/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com